UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALYN HAWKINS, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 19-13323 |
| SHELLY SANDERS, ET AL.,<br>    Defendants | SECTION: "E" (1) |

ORDER AND REASONS

Before the Court is the City of New Orleans' Second Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.[1] Plaintiffs oppose the motion,[2] and the City has filed a reply.[3] Having reviewed the pleadings and the case law, the Court rules as follows.

I.  **Background**[4]

Plaintiffs Geralyn Hawkins, Nichole Thompson, and Chad Lightfoot (sometimes collectively referred to as "Plaintiffs") sue numerous defendants captioning their third amended complaint as "Civil Rights Complaint 42 U.S.C. Section 1983; 1985; and 1986."[5] Plaintiffs' claims stem from a Louisiana state criminal proceeding against Lightfoot for perjury, RICO theft, and RICO identity fraud.[6] Lightfoot has a criminal and civil history in Louisiana federal and state courts dating back to 1996.[7]

---

[1] R. Doc. 90.
[2] R. Doc. 115.
[3] R. Doc. 127.
[4] The background is based on the allegations of the third amended complaint. R. Doc. 57.
[5] *Id.* at p. 1.
[6] *Id.* at p. 3.
[7] *See, e.g., United States v. Lightfoot*, Civ. A. No. 17-00274, 2018 WL 5269827 (W.D. La. Oct. 22, 2018) ("Lightfoot is charged in the Indictment [Doc. No. 1] with one count of Fraud Scheme in Connection with Major Disaster or Emergency Benefits, in violation of 18 U.S.C. § 1040(a)(2)."), *affirmed*, 809 F. App'x. 246 (5th Cir. 2020); *Lightfoot v. Corrections Corp. of Am.*, 101 F.3d 699 (5th Cir. 1996) (barring Lightfoot from filing any civil lawsuit as a pauper within the jurisdiction of the Fifth Circuit).

1

Hawkins, Thompson, and Lightfoot obtained personal loans in 2010 from Defendant Greater New Orleans Federal Credit Union ("the Union").[8] To apply for the loans, Plaintiffs submitted personal and/or private information to the Union, such as their places of employment, social security numbers, and drivers' license information.[9] In 2012, the Union conducted an internal investigation of numerous loans when it became suspicious because many of the loan applicants had the same information, such as addresses or job information.[10] Plaintiffs' loans were among those investigated.[11] Defendants Shelly Sanders, Heather Rodgers, and Gerry Kish, employees of the Union, assisted with the investigation.[12] Ultimately, Louisiana authorities accused Plaintiffs of participating in an "auto loan shopping scam" and fraud against the Union, and Lightfoot was arrested on October 15, 2015 and later charged with one count of perjury, one count of RICO identity theft, and one count of fraud.[13]

Plaintiffs filed this lawsuit in October 2019.[14] Plaintiffs sue Defendants the Union, Sanders, Rodgers, and Kish for violating their Constitutional rights by conducting the investigation of their personal information without their consent.[15]  They also sue these Defendants for complying with a subpoena from Orleans Parish Criminal Court that ordered the production of Plaintiffs' personal information.[16]  Plaintiffs also sue former

---

[8] R. Doc. 57 at ¶¶ 20-21, 23.
[9] *Id.* at ¶¶ 22, 24.
[10] *Id.* at ¶ 26.
[11] *Id.* at ¶ 27-29.
[12] *Id.* at ¶¶ 26-28.
[13] *Id.* at ¶ 25, 32-33. In the third amended complaint, Plaintiffs allege that multiple grand juries were convened, multiple indictments issued against Lightfoot on various charges that were later dismissed when a later grand jury superseded those charges, and Lightfoot was arrested no fewer than four times. *Id.* at pp. 4-5. It appears that the three charges noted above are the only charges now pending as of the date of filing the third amended complaint.
[14] R. Doc. 1.
[15] R. Doc. 57 at ¶ 29.
[16] *Id.* at ¶ 45.

District Attorney Leon Cannizzaro, Jr. and Assistant District Attorney Andre Gaudin for fabricating evidence to support the criminal allegations against Plaintiffs and for bad faith prosecution.[17] Plaintiffs also sue former Orleans Parish Criminal District Court Judge Franz Zibilich, Jan Schmidt and Dawn Plaisance, two court reporters, and the Rules of the Court Committee of Orleans Parish Criminal District Court ("the Rules Committee"). Plaintiffs sue these four Defendants for failing to turn over a transcript of a hearing in violation of an order issued by Judge Arthur Hunter when Hunter was considering Lightfoot's motion to recuse Zibilich from his criminal case and for Zibilich's rulings against Lightfoot in that criminal action.[18]

The claims against Defendant the City of New Orleans ("the City") arise from allegations that an attorney for Progressive Insurance Company ("Progressive"), Megan Keifer, submitted a letter to the New Orleans Police Department ("NOPD") in which she asserted that Lightfoot had received fraudulent payments from Progressive.[19] NOPD Detective Frank Denton received the letter from Keifer.[20] Plaintiffs allege the NOPD failed to "exhaust investigative due diligence" by merely accepting Keifer's letter as factual.[21] Denton sought and received an arrest warrant based on the allegedly false letter, and he later testified as to the letter's contents before a grand jury.[22] Plaintiffs allege Denton gave "knowingly false, misleading, and perjured testimonies to secure an indictment for Lightfoot's arrest for (17) counts," which ultimately led to the three pending charges

---

[17] *Id.* at ¶¶ 32-44.
[18] *Id.* at ¶¶ 62-83.
[19] *Id.* at p. 4. Only the facts in the letter relative to the receipt of fraudulent payments from Plaintiffs are relevant to the resolution of the City of New Orleans' motion.
[20] *Id.*
[21] *Id.*
[22] *Id.* at pp. 4-5.

3

against Lightfoot for perjury, RICO theft, and RICO identity fraud.[23]

Plaintiffs also allege Lightfoot filed a complaint with the NOPD Internal Affairs Department, alleging "false arrest reports, [and] vindictive and malicious actions" by rogue NOPD officers.[24] Plaintiffs further allege Lightfoot wrote a letter to New Orleans Mayor LaToya Cantrell, in which he complained about the actions of the NOPD and its officers and asked her to seek the aid of the Federal Bureau of Investigation ("FBI") to examine the events surrounding his arrest.[25] Plaintiffs allege Mayor Cantrell has a duty as Commander-in-Chief to protect the citizens of New Orleans.[26] Plaintiffs allege that, even though Lightfoot's letter informed Mayor Cantrell of the state actors' violations of their constitutional rights, Mayor Cantrell did not act or investigate to take corrective action.[27]

Defendant the City of New Orleans now moves to dismiss Plaintiffs' claims against it under Federal Rule of Civil Procedure 12(b)(6).[28]

## II. Legal Standard Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[29] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[30] "A claim

---

[23] *Id.* at p. 5.
[24] *Id.* at ¶ 57.
[25] *Id.* at p. 3, ¶ 59.
[26] *Id.* at ¶ 59.
[27] *Id.* at ¶¶ 59-60.
[28] R. Doc. 90.
[29] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

4

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[32] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[33]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[34] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[35] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[36]

### III. Legal Analysis

#### A. Claims Against "All Defendants" Are Dismissed Without Prejudice

In numerous paragraphs of the third amended complaint, Plaintiffs allege that "all named Defendants," "all Defendants," or "named Defendants" violated their constitutional or statutory rights.[37] Mere "conclusory allegations against [d]efendants as a group" that "fail[ ] to allege the personal involvement of any defendant" are insufficient

---

[31] *Id.*
[32] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[33] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[34] *Twombly*, 550 U.S. at 555.
[35] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[36] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[37] *See, e.g,* R. Doc. 57 at ¶¶ 18, 85-88, 90, 92, 95, and 125.

to put Defendants on notice of their alleged wrongdoing.[38] A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged."[39] When a number of defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct."[40] A complaint that contains "impermissibly vague group pleading" will be dismissed.[41]

Accordingly, all causes of action asserted against "all named Defendants," "all Defendants," or "named Defendants," including the City as a Defendant, are dismissed without prejudice for impermissible group pleading and failing to specify how the City specifically violated Plaintiffs' rights.[42]

### B.     The Claim Against the City is Dismissed with Prejudice.

In its motion to dismiss and its reply, the City argues its conduct – as alleged by Plaintiffs – does not support a cause of action.  Pointing to the allegations relating to a complaint lodged by Lightfoot with NOPD's Internal Affairs department and the letter to Mayor Cantrell, the City maintains the documents do not identify any wrongdoing by the City.  The City argues Plaintiffs do not even provide the contents of the complaint or the letter so it cannot determine what the documents said. The City contends that it has no

---

[38] *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (dismissing plaintiffs' claims without prejudice for failure to provide each defendant with notice of its alleged participation in the racketeering enterprise).
[39] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (finding that a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution); *Aruanno v. Main*, 467 F. App'x 134, 137-38 (3d Cir. 2012) (dismissal of § 1983 action was appropriate where Defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of the individual Defendants).
[40] *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013).
[41] *Id.*
[42] These claims are **dismissed as to all Defendants** in this lawsuit for the same reasons.

6

operational control over the other Defendants in this lawsuit – the District Attorney's Office, or the judicial branch – and therefore no power to correct or to address any alleged wrongdoing related to Lightfoot's arrest and prosecution. The City maintains the claims against it essentially are state law tort claims, and Plaintiffs have failed to allege the City owed a duty to them or that the City breached any duty.  The City further argues that Plaintiffs have not alleged that the City's conduct was the legal or proximate cause of any alleged damages.

The City further contends it cannot be held responsible for the conduct of other Defendants.  The City maintains neither federal nor state law supports a cause of action against it based on the actions of others over whom it has no control. Citing Louisiana statutory law, the City asserts it has no authority over elected officials in separate, independent political subdivisions and whose authority is established by statute or the state constitution. Neither does the City control private financial institutions or their employees.   The City argues the actions of other Defendants fail to support a claim for relief against the City.

Plaintiffs contend they do not seek to hold the City liable for the actions of others but only for the City's own acts of deliberate indifference.  Plaintiffs argue in the opposition that the City admits it has a policy and custom not to interfere with known criminal activity even after it has been made aware of constitutional violations, but Plaintiffs did not include these allegations in the third amended complaint and allege no facts to support such a statement.  Plaintiffs maintain Mayor Cantrell knew a serious risk of harm faced the citizens of New Orleans by a rogue police department and failed to take reasonable actions to remedy the issue, even though she has a duty of care to the citizens

7

of her city.  Plaintiffs also fail to include these allegations in the third amended complaint and fail to support this assertion with facts.  Plaintiffs allege Mayor Cantrell had full authority over the investigation by NOPD Internal Affairs and had a duty to report the constitutional violations or any violations of Louisiana's criminal laws to an impartial investigating agency such as the FBI.[43]  Notwithstanding these conclusory statements and legal conclusions, Plaintiffs ultimately fail to include sufficient facts to state a claim for relief that is plausible on its face.  It is well settled the Court need not accept as true mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[44]

While the City advances the arguments outlined above, the Court finds no reason to delve deeply into the City's arguments or those in Plaintiffs' opposition.  All but one of the allegations against the City are grouped together with "all named Defendants," "all Defendants," or "named Defendants."  As noted above, claims against all "grouped" Defendants are dismissed as impermissibly pleaded.  Apart from the improper allegations in which Plaintiffs group all Defendants in the third amended complaint, the Court finds there is only one specific allegation against the City.[45]  Plaintiffs assert a claim under 42 U.S.C. § 1986 against the City and Mayor Cantrell for failing to take action with regard to the conspiracy at the NOPD.[46]  After Lightfoot allegedly informed Mayor Cantrell by letter

---

[43] R. Doc. 57 at ¶ 59.
[44] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[45] Captioning the third amended complaint as a "Civil Rights Complaint 42 U.S.C. Section 1983; 1985; and 1986" does not render every factual allegation in the third amended complaint as covered under any specific section of the United States Code, Title 42. R. Doc. 57 at p. 1. Plaintiffs never allege specific, individual claims against the City under 42 U.S.C. §§ 1983 or 1985. In any event, to the extent that Plaintiffs' third amended complaint could be construed as asserting claims against the City under Sections 1983 and 1985, Plaintiffs assert no facts to support a plausible claim for relief under either statute.
[46] R. Doc. 57 at ¶ 59.

8

of the actions of the rogue officers at the NOPD, Plaintiffs allege Mayor Cantrell ignored the conspiracy and failed to take any corrective action.[47]

Section 1986 provides for liability against third parties based on their knowledge of Section 1985 violations.[48] Section 1985(3) provides a cause of action against persons who conspire to deprive others of their rights to equal protection or to vote.[49] Plaintiffs do not allege a claim under Section 1985(3) against the City, and, even if the third amended complaint be so construed, Plaintiffs allege no facts to support such a claim. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[50] In this case, Plaintiffs have failed to plead factual content that allows this Court to draw a reasonable inference that the City has violated Section 1985(3).

Section 1986 does not provide an independent cause of action but instead requires the existence of a valid claim under Section 1985.[51] "A valid § 1985 claim is a prerequisite to a § 1986 claim."[52] Because Plaintiffs have failed to assert a cause of action against the City under Section 1985, Plaintiffs' cause of action under Section 1986 is not cognizable. Therefore, Plaintiffs' cause of action under Section 1986 must be dismissed with prejudice.

---

[47] *Id.* at ¶ 59.
[48] 42 U.S.C. § 1986.
[49] 42 U.S.C. § 1985(3).
[50] *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[51] *Bradt v. Smith*, 634 F.2d 796, 799 n.3 (5th Cir. 1981).
[52] *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000).

### C.     Plaintiffs' State Law Claims Are Dismissed Without Prejudice.

Plaintiffs also assert various state law claims against the City.[53] Having dismissed each of Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. District courts have discretion not to exercise supplemental jurisdiction over a claim when all claims over which the court had original jurisdiction have been dismissed.[54] Although the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims" under such circumstances, the "rule is neither mandatory nor absolute."[55] Rather, a court must consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[56] Having considered the applicable law, the complexity of Plaintiffs' remaining state law claims, and the fact that the trial of this matter has not yet been set, the Court declines to exercise supplemental jurisdiction over these claims and dismisses Plaintiff's remaining state law claims against the City without prejudice.[57]

---

[53] *See, e.g.,* R. Doc. 57 at ¶¶ 91, 92, 94, 124.
[54] 42 U.S.C. § 1367(c)(3). 42 U.S.C. § 1367(c) reads:
    The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:
        (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
[55] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)).
[56] *Id.* (citations omitted).
[57] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (reversing the district court for declining to retain supplemental jurisdiction over the state law claims that remained following the district court's grant of summary judgment on all of the plaintiff's federal claims because "the remaining [state law] claims d[id] not involve any 'novel or complex' issues of state law," and "[t]he case had been pending in the district court for almost three years"). The Court dismisses without prejudice all of Plaintiffs' remaining state law claims against each Defendant in this case.

### D. Leave to Amend

Plaintiffs appear to seek leave to amend their complaint through their opposition memorandum.[58] The Court denies this request. First, asking for leave to amend in an opposition is an improper procedural vehicle by which to do so. Second, there have been repeated failures to cure deficiencies by amendments previously allowed in this action as Plaintiffs have now filed their original and three amended complaints.[59]

## IV. Conclusion[60]

For the foregoing reasons,

**IT IS ORDERED** that Defendant the City of New Orleans' Second Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim[61] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against "all Defendants" are **DISMISSED WITHOUT PREJUDICE** as the claims are impermissibly vague.

**IT IS FURTHER ORDERED** that Plaintiffs' 42 U.S.C. § 1986 claim against the City of New Orleans is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' state law claims against the City of New Orleans are **DISMISSED WITHOUT PREJUDICE** as the Court declines to exercise its supplemental jurisdiction over these claims.

---

[58] R. Doc. 115 at p. 1.
[59] R. Docs. 1, 8, 27, 57; *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). As outlined by the Fifth Circuit, courts in this circuit examine five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Rosenzweig v. Azurix*, 332 F.3d 854, 864 (5th Cir. 2003).
[60] In their opposition, Plaintiffs raise for the first time that DOE Orleans Insurance Company ("DOE") is the City's insurer. However, as noted above, Plaintiffs voluntarily moved to dismiss the "DOE" defendants from this action, and this Court granted Plaintiff's motion to amend to do so. R. Docs. 123, 145.
[61] R. Doc. 90.

**New Orleans, Louisiana, this 16th day of March, 2023.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

**Clerk to Notify via Mail**:

Geralyn Hawkins
500 South Starrett Road
New Orleans, LA 70123

Chad Lightfoot #301162
Orleans Parish Justice Center
I.D. #2516543
300 Perdido Street
New Orleans, LA 70119

Nicole Thompson
P.O. Box 1472
Kenner, LA 70063

**Clerk to Notify via E-Mail:**

Geralyn Hawkins
geralynhawkins@yahoo.com